

# NUMBERS 13-11-00345-CR and 13-11-00346-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| QUINTIN A. MONTGOMERY, | Appellant, |
| v. | |
| THE STATE OF TEXAS, | Appellee. |

### On appeal from the 105th District Court
### of Kleberg County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

In cause number 13-11-00345-CR, appellant, Quintin A. Montgomery, pleaded guilty to burglary of a habitation, a second degree felony. TEX. PENAL CODE ANN. § 30.02 (West 2003). Pursuant to a plea agreement, the trial court deferred adjudication and placed appellant on ten years of community supervision. On February 12, 2009, the State filed a motion to revoke appellant's community supervision. On April 20,

2009, appellant was adjudicated guilty, and sentenced to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice, with placement at a boot camp. On November 20, 2009, the trial court granted shock probation to appellant, suspended his ten-year sentence, and placed him on community supervision for eight years. On September 21, 2010, the State again filed a motion to revoke appellant's community supervision. On December 2, 2010, appellant pleaded true to the allegations included in the State's motion to revoke. The trial court found appellant violated the conditions of community supervision, revoked his community supervision, and sentenced appellant to ten years' confinement in the Institutional Division of the Texas Department Criminal Justice.

In cause number 13-11-00346-CR, appellant was indicted for unauthorized use of a motor vehicle, a state jail felony, TEX. PENAL CODE ANN. § 31.07 (West 2003); two counts of credit card abuse, a state jail felony, TEX. PENAL CODE ANN. § 32.31 (West 2010); evading arrest with a vehicle, a state jail felony, TEX. PENAL CODE ANN. § 38.04 (West 2010); and criminal mischief, a state jail felony, TEX. PENAL CODE ANN. § 28.03 (West 2010). On May 28, 2009, appellant pleaded guilty to all counts, pursuant to a plea agreement. The trial court sentenced appellant to two years' confinement in the State Jail Division of the Texas Department of Criminal Justice, suspended the sentence, and placed appellant on five years community supervision, to run concurrent with his other sentences. On September 21, 2010, the State filed a motion to revoke appellant's community supervision. On December 2, 2010, appellant pleaded true to the allegations included in the State's motion to revoke. The trial court found appellant violated the conditions of community supervision, revoked his community supervision,

and sentenced appellant to two years' confinement in the State Jail Division of the Texas Department of Criminal Justice, to run concurrent with the sentences in his other cases.

Appellant appealed both judgments.[1]  Appellant's court-appointed counsel filed an *Anders* brief.  We affirm the trial court's judgments.

## I. *ANDERS* BRIEF

In each case, pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the records yielded no grounds of error upon which an appeal can be predicated.  In each case, counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment.  In each case, counsel has

---

[1] There being two judgments and two records, separate cause numbers were assigned to each case on appeal.  These appeals, however, arise from a single revocation hearing.  Although neither party has sought to consolidate these appeals, in the interest of judicial economy, we issue a single opinion disposing of both appeals.

informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response.[2] *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). In each case, we have reviewed the entire record and counsel's brief, and have found nothing that would arguably support an appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in either record. Accordingly, the judgments of the trial court are affirmed.

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman,* 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw in each case. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of February, 2012.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.